## DANIELS v. LINDLEY ET AL.

1. **Practice**: NOTICE: AMENDMENT. Advantage cannot be taken, in an
action to modify a decree, of a failure to give notice of an amendment to
the petition, unless such failure be alleged in the petition asking for the
relief.

2. **Divorce**: DECREE NOT RETROSPECTIVE: JUDGMENT CREDITORS. In
granting a divorce the court cannot direct that the decree shall date
back to the time of the levy of an attachment and become a lien upon
the property of the husband, to the exclusion of the rights of intervening
judgment creditors of the latter.

*Appeal from Guthrie Circuit Court.*

MONDAY, OCTOBER 23.

ON the 7th day of December, 1874, the plaintiff recovered a
judgment against defendant, Elwood Lindley, for about $138.
In November, 1874, the defendant, E. R. Lindley, commenced

an action against said Elwood Lindley, her husband, for a divorce, and alimony. On the 7th day of December, 1874, and about one hour before the rendition of plaintiff's judgment against Elwood Lindley, the said E. R. Lindley filed in the clerk's office her amendment to her original petition, asking for a writ of attachment. A writ of attachment was issued on all the property of Elwood Lindley. Said levy was made less than one hour previous to the rendition of plaintiff's judgment. On the 8th day of December, 1874, E. R. Lindley obtained a decree of divorce from her said husband, and all the property of which he was possessed was decreed to her as alimony. This property consisted of real estate of the value of $3,700, over and above incumbrances. Said decree was made a lien on said property from the date of the attachment. Elwood Lindley had no notice or knowledge of the issuance of said writ of attachment. Plaintiff caused execution to issue, and a levy to be made on said real estate, but the same could not be sold because of said decree. Elwood Lindley is a non-resident of this State, and is insolvent. It is claimed that so much of said decree as attempts to make said alimony a lien on said real estate prior to the rendition of the decree is void; that plaintiff's judgment lien should be held superior to the interest of E. R. Lindley, created by said decree.

To a petition containing the foregoing facts, the defendant, E. R. Lindley, demurred. The demurrer was sustained, to which plaintiff excepted. Judgment was rendered against plaintiff for costs, and he appeals.

*E. R. Fogg*, for appellant.

*Nichols & Ellis*, for appellee.

ROTHROCK, J.—I. The first question presented in the argument is that, as no notice of the amendment by which the

1. PRACTICE: notice: amendment.

attachment was procured was given to the defendant, Elwood Lindley, the court had no jurisdiction to order that the decree giving all the property to the wife should date back to the date of the attachment. It is a sufficient answer to this to say that there is no allegation in the

petition that notice of the amendment was not given. It is alleged that no notice of the attachment was given. Notice of the attachment is very different from notice of the filing of an amendment to the petition. Notice of the attachment was not necessary to be given.

II. The other and more important question in the case is as to the power of the court, on entering the decree for alimony, to direct that it shall take effect from the date of the attachment, to the exclusion of an intervening judgment creditor. The plaintiff herein was not a party to that proceeding; he recovered his judgment on the same day, and but a short time after the attachment was levied. His lien on the property, by virtue of the judgment, attached between the levy of the attachment and the rendition of the decree for alimony.

2. DIVORCE: decree not retrospective: judgment creditors.

The Code, Sec. 2227, provides that a petition for divorce and alimony " may be presented to the court or judge for the allowance of an order of attachment, and said court or judge may, by indorsement thereon, direct such attachment and the amount for which the same may issue ⁎ ⁎ ⁎ ⁎ ⁎ ⁎, and any property taken by virtue thereof shall be held to satisfy the judgment or decree of the court ⁎ ⁎ ⁎ . "

We do not think that the attachment provided by this section of the statute can affect the lien of a creditor whose judgment was obtained prior to the decree, or that the court, without rendering any judgment or decree for money, and ordering the sale of the attached property in satisfaction thereof, can simply, by its decree, invest the wife with all the husband's property to the exclusion of the judgment creditor. The statute provides that the property shall be held to satisfy the judgment or decree of the court. It is not a fair construction to hold that, under this language, the whole of the husband's real estate may be seized and passed over to the wife, to the exclusion of creditors. The claim of the wife for alimony is not in the nature of a debt; she is not the creditor of the husband; it is an equitable allowance made to her out of her husband's estate, upon dissolution of the marriage relation, and should be based upon the value of the

estate, taking into consideration the debts of the husband. If the husband had made a voluntary conveyance of all his property to his wife, upon a separation, she could not hold it as against the plaintiff's judgment, and we fail to see how this can be done because the property is in the custody of the law, upon an attachment procured by the wife in proceedings . for divorce.   In our judgment the ruling of the court below, in sustaining the demurrer, was erroneous and should be

REVERSED.