## PICKET v. GARRISON.

1.   **Divorce:** ATTACHMENT FOR ALIMONY: DEFEAT BY FRAUDULENT CONVEYANCE.   While it is true that the claim for alimony, made by a wife against her husband, from whom she is seeking a divorce, is not a debt within the ordinary meaning of that term, it is yet a right, contingent to some extent, which becomes vested with the right to a divorce ; and it can no more be defeated by a fraudulent conveyance of the husband's property than it could if it were fixed and certain as to amount.   (See citations in opinion.)

2.   **Fraudulent Conveyance:** TO DEFEAT ALIMONY: EVIDENCE. For the purpose of avoiding a conveyance to plaintiff of certain property, on the ground that it was made with the fraudulent intent on the part of the grantor to defeat a claim about to be made by his wife for alimony, evidence was admitted that on the day before the conveyance was made he consulted an attorney about it.   This was before the action for divorce had been begun, and plaintiff was not present at the conference with the attorney. *Held* that the evidence was, nevertheless, properly admitted, in connection with other matters, for the purpose of showing the grantor's motive in the whole proceeding.

3.   ———: ———: EVIDENCE TO PROVE.   The evidence in this case (see opinion) *held* sufficient to sustain a verdict to the effect that a conveyance made by a husband of all his property was designed to defeat an anticipated demand upon him for alimony, growing out o f a threatened action by his wife for a divorce.

4. ———: ———: GRANTEE'S GOOD FAITH. In an action to recover from a sheriff property which had been conveyed to plaintiff by a husband for the purpose of defeating his wife's threatened demand for alimony, and which the sheriff afterwards seized upon an attachment issued in a divorce suit against the husband, the fact that plaintiff had paid a nominal sum on the property before he had any reason to anticipate any divorce proceedings, did not justify him in consummating the purchase in fraud of the wife's demand.

*Appeal from Harrison District Court.*—HON. C. H. LEWIS, Judge.

FILED, DECEMBER 21, 1888.

ACTION for the recovery of specific personal property. There was a jury trial and a verdict for defendant. Judgment was rendered thereon in his favor, and plaintiff appeals.

*J. H. Smith* and *L. R. Bolter & Sons*, for appellant.

*Cyrus Arndt* and *S. H. Cochran*, for appellee.

ROBINSON, J.—For some time prior to the thirtieth day of January, 1888, one F. Hosford was the owner of the property in controversy, which consists of horses, buggies and other articles comprising a livery stock kept in the town of Missouri Valley. Appellant claims that prior to the twenty-first day of that month he had negotiated for the purchase of this stock, and that on the day named he agreed to take it at the price of twenty-two hundred dollars, and paid thereon the sum of five dollars; that on the thirtieth day of January the purchase was concluded, the remainder of the price paid, and possession taken. It appears that on the last-named date the wife of Hosford commenced an action for divorce, in which she asked and was given a writ of attachment against the property of her husband. This was served a few hours after plaintiff claims to have perfected his purchase, by levying upon and taking the property alleged to have been purchased as

aforesaid. This action was brought to recover that property.

I. Appellant insists that the claim of the wife for alimony was not in the nature of a debt; that she was not a creditor of her husband; and that the purchase by plaintiff of the property in controversy gave him a good title thereto, even though when he made it he was chargeable with notice of the fact that the husband was transferring the property for the purpose of placing it beyond the reach of his wife. The case of *Daniels v. Lindley*, 44 Iowa, 567, is relied upon as supporting this position. That case decided that the whole of the real estate of the husband could not be seized and passed over to his wife to the exclusion of creditors; that alimony is an equitable allowance made to the wife upon the dissolution of the marriage relation, and that it should be based upon the value of the husband's estate, taking into consideration his debts. No question of fraudulent conveyance was involved. While it is true that the claim for alimony is not a debt within the ordinary meaning of that term, and that it must be ascertained and allowed according to equitable principles, yet it is also true that it is a right, contingent to some extent, which becomes vested with the right to a divorce. It can no more be defeated by a fraudulent conveyance than it could if it were fixed and certain as to amount. As bearing upon this question, see *Day v. Lown*, 51 Iowa, 369; *Miller v. Dayton*, 47 Iowa, 318; *Chase v. Chase*, 105 Mass. 386; *Bongard v. Block*, 81 Ill. 186; *Bouslough v. Bouslough*, 68 Pa. St. 499; *Draper v. Draper*, 68 Ill. 21.

*1. DIVORCE: attachment for alimony: defeat by fraudulent conveyance.*

II. Objection is made to rulings of the court in permitting certain questions to be asked of a witness, the answer to which showed that on Sunday, the twenty-ninth day of January, Hosford consulted a lawyer in regard to the property in controversy. It is insisted that, since no divorce proceedings had then been commenced, and plaintiff was not present, the evidence was incompetent

*2. FRAUDULENT conveyance: to defeat alimony: evidence·*

and immaterial. But it is shown that Hosford was called from Missouri Valley to Logan, to meet his wife and her attorney with a view to settlement. He went, but no settlement was effected. Immediately after leaving his wife and her attorney, he visited his attorney, and consulted in regard to the property in controversy. We think it was competent to show that fact. It was necessary for the defendant to show the fraudulent nature of the transfer, and the wrongful intent of the husband. The facts shown by the evidence in question were circumstances connected with the transaction which were proper for the jury to consider in determining its true character. They tended to explain the subsequent acts of the husband, and were rightly admitted for that purpose, even though they were not within the knowledge of plaintiff.

III. It is next insisted by appellant that the verdict is not sustained by the evidence. It is shown that but five dollars were paid by plaintiff prior to January 30; that Hosford went to Logan to settle with his wife, and failed; that he returned from Logan to Missouri Valley about nine o'clock in the evening of the twenty-ninth; that he and plaintiff talked together after his return for nearly half an hour; that between ten and eleven o'clock that night plaintiff called at the house of a banker in Missouri Valley, and arranged with him to be at his bank at six o'clock the next morning; that at the time appointed plaintiff, Hosford and the banker met at the bank, a bill of sale of the property was drawn, the purchase price, excepting five dollars, was borrowed of the banker and paid to Hosford, and possession of the property was immediately taken. There was also evidence tending to show that plaintiff knew that Mrs. Hosford was at Logan; that the judge made an order allowing the writ before he had risen Monday morning, the thirtieth; that the writ was issued as soon as the clerk's office was open, and that there was a struggle on the part of the wife to have her writ issued and levied before the husband could dispose of his property. It is shown

3. ——:——:
evidence to
prove.

Picket v. Garrison.

that plaintiff knew of Hosford's visit to Logan, and that he feared interference with the property. Also, that it comprised substantially all of the property owned by Hosford. Other facts tending to show fraud and knowledge on the part of plaintiff need not be specified. We think the verdict was sustained by the evidence.

Much stress is laid by appellant upon the fact that when plaintiff paid five dollars on account of the purchase on the twenty-first day of January, he had no knowledge, so far as the record shows, of any trouble between Hosford and his wife, and had no reason to anticipate divorce and attachment proceedings. If this is as claimed by appellant, it would not authorize a reversal of the judgment. The sum paid was merely nominal, and, while it may have been sufficient as between the parties to the contract, it did not justify appellant in an attempt to place the property and its proceeds beyond the reach of the wife. The jury found the value of the property in controversy to be two thousand dollars. Defendant elected to take judgment for fifteen hundred dollars and costs, and it was so rendered. We think it is correct, and it is therefore

4. —— : —— :
grantee's
good faith.

AFFIRMED.