Hazen M. Parker, Appellee, v. Olin Albee, Sr., Appellant.

1. **Judgment:** COLLATERAL ATTACK: INTRODUCTION OF EVIDENCE. A judgment is not subject to collateral attack because of an alleged irregularity in the introduction of evidence in the case wherein such judgment was rendered.

2. ——: ACTION: COUNTERCLAIM TO APPLICATION FOR ALIMONY. In an action upon a judgment for temporary alimony recovered by a wife pending proceedings commenced by the husband for a divorce, the husband is not precluded from setting up, by way of counter-

claim, a cause of action for money due from the wife, and existing in his favor at the time said judgment was rendered, upon the ground that such claim was a proper matter of defense to the application for temporary support, and must be presumed to have been adjudicated, where it is not shown that there has been a final determination in the divorce proceeding.

*Appeal from Floyd District Court.*—HON. J. C. SHERWIN, Judge.

SATURDAY, MAY 28, 1892.

ACTION on a foreign judgment. From a judgment for the plaintiff, the defendant appeals.—*Reversed.*

*Robert Eggert,* for appellant.

*P. W. Burr,* for appellee.

GRANGER, J.—In October, 1889, the defendant and Olive N. Albee were husband and wife. On the twenty-ninth of that month the defendant commenced a suit against his wife for a divorce in Hennepin county, Minnesota, and thereafter such proceedings were had that on the sixth day of January, 1890, the defendant therein obtained a judgment against the plaintiff therein "for support and maintenance during said litigation, and for costs and disbursements, in the sum of six hundred and fifty-four dollars and thirty-three cents, no part of which has been paid." On the same day Olive N. Albee assigned the judgment to the plaintiff in this suit, who was her attorney in that suit. This action is brought to recover on that judgment.

The first division of the answer is a denial, except as to certain specific admissions in other divisions thereof. The second division is a defensive plea, and recites, in substance, that Olive N. Albee, in January, 1889, intercepted a letter addressed to her husband, containing a "batch of promissory notes, and a last will and testament," made by him before his marriage

to her, in which the bequests amounted to some fifty thousand dollars, and that the will was fraudulently placed in evidence in the divorce proceedings in which the plaintiff's judgment was obtained, and taken by the court as the valuation of his property in fixing the judgment for alimony, when in fact he was worth not more than one thousand dollars. The third division of the answer is a counterclaim, based on a wrongful taking of the notes intercepted in the letter containing the will and two thousand dollars, and also for one hundred and fifty dollars loaned his wife before their marriage, and seventy-three dollars so loaned her after marriage, to pay debts of hers contracted prior to the marriage to him. The district court sustained a demurrer to the second and third divisions of the answer, and the correctness of the ruling is the question on this appeal.

I. The second division is clearly demurrable. The fact that the will was intercepted and improperly obtained could not so affect the judgment as to subject it to a collateral attack. If it could have any bearing it could only be as to its value as evidence; but that only in the case in which it was evidence. It is said that it was fraudulently and secretly put in evidence by handing it to the trial judge either when the plaintiff was being examined in chief, or at the time the plaintiff was cross-examined, or when the defendant offered evidence in his own behalf. Certainly one of these times was the proper one, and, if the manner of presenting it was irregular or improper, the effect of the irregularity or impropriety upon the trial or result was a question for that court, or one having authority to review and correct its proceedings. No facts appear to show the judgment void for fraud. As said in *Cottle v. Cole*, 20 Iowa, 481: "A judgment would conclude nothing, and litigation would never end, if a

1. JUDGMENT: collateral attack: introduction of evidence.

solemn recovery could be defeated upon the facts pleaded in this case, without more."

II. The demurrer to the third division of the answer, presenting the counterclaim, is in these words: 2. ——: action: counterclaim to application for alimony. "It affirmatively appears that any claim that the defendant has against the plaintiff's assignor, therein set forth, arose prior to the rendition of judgment herein sued on, and before the commencement of said action, and was properly a matter of defense to said judgment and action. That it was the defendant's privilege to have raised the defense stated in said court on said trial, and, having failed to do so, he will not be allowed to raise same in this case." It is a law action, and it will be understood that we are limited in our consideration to the particular objection presented by the demurrer. The question then is this: In a divorce proceeding of the husband against the wife, where the wife is indebted to her husband, and she asks for alimony for support pending the litigation, and for her expenses and disbursements, can the husband, as a matter of right, set off against such claim for alimony the wife's indebtedness to him? If not, the demurrer is not well taken. It seems to us that the query is its own refutation. The allowance of the alimony is based on the legal obligation of the husband to furnish such support and expenses for the wife. No amount of indebtedness of the wife to the husband discharges the husband from such obligation. Such an allowance is made because of the husband's ability to pay it and the wife's necessity for it. We may see the true situation by anticipating the results of the rule contended for. The court determined in the divorce suit that for support during the litigation and the expenses of the suit the wife should have six hundred and fifty-four dollars. The counterclaim, if allowed, would far exceed the amount,

but it is sufficient to say it would cancel it. Where, then, is the allowance for support and the means of defense in the suit? We cannot even suppose that any liability of a wife or children for the payment of money to the husband or father can be set off against or excuse him from his obligations for necessary support. Such rights are in no sense counterclaims when to admit it would be to deny the support.

In *Patton v. Loughridge*, 49 Iowa, 218, it is held that "a claim of the husband for property of which he has been defrauded by the wife will be presumed to have been adjudicated in an action by the wife for divorce in which a decree allowing alimony was granted, and he cannot afterwards maintain an action on the claim against a party by whose alleged instrumentality the fraud was effected." In that case the wife had sued for divorce and alimony, and otained them. It is held that claims of the husband against the wife because of her taking or "swindling him out of a part of" his estate should be settled in the divorce proceeding, and not left as an open question after a decree for alimony. The ruling has no bearing on the question before us. In that case there was an award of permanent alimony, which results from the court's estimating the property rights of both husband and wife, and fixing the part that should belong to each, and it will be presumed in such a case that the property rights of the parties were by the decree determined and adjusted. Not so, however, in case of a mere temporary provision for subsistence and expenses during the litigation. In the divorce suit in Minnesota it does not appear that a divorce was ever decreed, or permanent alimony awarded or refused. In fact the record is silent as to the case ever having been finally determined. It may yet, for aught that appears, be pending. To our minds, the mere fact that the items pleaded as a counterclaim were not presented in the divorce pro-

-ceedings is no bar to their being presented as a counter-claim in this action, and that is the only question presented by the demurrer.   REVERSED.