## JOSEPH CARLILE v. THE DES MOINES & KANSAS CITY RAILWAY COMPANY, Appellant.

**Eminent Domain:** CONDEMNATION OF RAILROAD RIGHT OF WAY: *Jurisdiction.* Code, title 10, chapter 4, section 1244, provides, if the owner of land necessary for a railroad right of way, refuses to grant the same to the company, or if he cannot agree with the company on the amount of compensation to be paid, the sheriff of the county in which it is situated shall, on the application of either party, appoint six disinterested freeholders, who shall inspect the property and assess the damages; and section 1245 provides that the application to the sheriff shall be in writing, and that the applicant shall give the other party five days' notice of the time when the freeholders would view the premises. *Held,* that from a showing that the application and notice were duly made; that the notice stated that the land owner had refused to grant the right of way, and that the parties could not agree on the compensation to be paid therefor, and that the land owner was present when the freeholders viewed the premises, and took part in the proceedings, and made statements as to the value of the land,—it affirmatively appears that the freeholders had jurisdiction to assess the damages.

COLLATERAL ATTACK. The proceedings of freeholders appointed under Code, title 10, chapter 4, section 1244, to assess damages for the taking of land for a right of way, cannot be collaterally attacked in an action of trespass by the land owner against the company for taking possession, on the ground that defendant had already taken another right of way across the land, and the having procured the selection of one commission of freeholders to assess damages it had no right to a second one, where it appears that the freeholders whose assessment is attacked had jurisdiction under the act.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

### MONDAY, OCTOBER 19, 1896.

PLAINTIFF is the owner of one hundred acres of land in Polk county, across which defendant's line of road is constructed and has been in operation about twelve years. The defendant company, desiring

additional land for its right of way and other railway purposes, instituted proceedings for its condemnation; and on the twenty-first day of October, 1892, the sheriff's jury assessed the damage therefor at two hundred and fifty dollars, which the defendant paid to the sheriff, and took possession of the land. The plaintiff brings this action, alleging that the defendant, without right or authority, took possession of the land and threatens to continue to hold the same, and asks damage for the trespass, and that the nuisance be abated by the removal of the defendant from such possession. The answer of defendant admits the possession, denies that it is without authority, and justifies itself under its proceedings for condemnation as above stated. In the reply there is an admission that there was such a proceeding in form, but it denies the validity thereof for reasons to be noticed in the opinion. The issues were tried to a jury, that found, under instructions of the court, the facts showing the sheriff's jury without jurisdiction to award damages, and gave to plaintiff, as damages for the trespass, the sum of twenty-five dollars; and from a judgment therefor, and also for the abatement of the nuisance, the defendant appealed. —*Reversed.*

*Guernsey & Baily* and *Charles Hutchinson* for appellant.

*St. John & Stevenson* for appellee.

GRANGER, J.—I. At the threshold is a question of the jurisdiction of the sheriff's jury to assess the damage for the right of way, and, as the defendant justifies its possession because of such proceedings, the question is important. As a preliminary to the assessment of damage, because of a wrongful occupation by the defendant, the district court submitted to the jury

a question of fact whether, before defendant asked the
sheriff to summon a jury to assess the damage for the
right of way, it attempted, in good faith, to agree with
the plaintiff as to the amount of such damage, and
said to the jury that, if it was not done and carried to
such an extent as to satisfy the agents and officers of
the company, as fair and reasonable men, that an
agreement could not be arrived at, the award of the
sheriff's jury was absolutely void, and would not pre-
vent a recovery in this case.    Under the instructions
of the court, the plaintiff's right of recovery was made
to depend on the fact of such a failure to agree.    The
jury must have found that there was such a failure
established, as it assessed damages for wrongful occu-
pation.    Chapter 4 of title 10 of the Code, provides for
"taking private property for works of internal improve-
ment."    Section 1244 of the Code, is of that
chapter, and is as follows:.  "If the owner of
any real estate, necessary to be taken for either
of the purposes mentioned in the three preceding sec-
tions, refuse to grant the right of way, or other neces-
sary interest in said real estate required for such
purposes, or, if the owner and the corporation cannot
agree upon the compensation to be paid for the same,
the sheriff of the county in which the said real estate
may be situated, shall, upon the application of either
party, appoint six disinterested freeholders of said
county, not interested in a like question, who shall
inspect said real estate, and assess the damages which
said owner will sustain by the appropriation of his
land for the use of said corporation, and make report
in writing to the sheriff of said county; and if said
corporation shall, at any time before it enters upon
said real estate for the purpose of constructing said
railway, pay to said sheriff for the use of said owner,
the sum so assessed and returned to him as afore-
said, it may construct and maintain its railway

over and across such premises." it is provided in
the next section that the freeholders so summoned
shall be commissioners to assess the damages. The
application to the sheriff must be in writing, and
may be made by the landowner or the corporation,
who must give to the other party five days' notice in
writing, of the time when the commississioners will view
the premises. These reqirements were complied with
in the assessment proceedings in this case. The appli-
cation, in writing, to the sheriff, was made on the
fourteenth day of October; and on the following day
notice was served on the plaintiff that commissioners
had been appointed, and of the time of viewing the
premises, which was the twenty-first of October, 1892.
In the application to the sheriff it was stated that
plaintiff refused to grant the right of way, and also
that the parties could not agree upon the compensa-
tion to be paid for it. When the commissioners appeared
to view the premises, the plaintiff was there, and took
part in the proceedings, and represented to the com-
missioners the value of his land. It is appellant's
claim that, in view of these facts, it affirmatively
appears that the commissioners had jurisdiction. We
think that is true. The law makes no provision for the
settlement of such a question before the commission-
ers act. If the parties are both present, and in con-
tention, it is a strong circumstance showing that they
do not agree. In *Hartley v. Railway Co.*, 85 Iowa, 455
(52 N. W. Rep. 352), the proceedings for the assesement
of damages was instituted by the owner of the land.
The company presented the question that the sheriff's
jury had no jurisdiction to assess the damage, because
it was not alleged in the application to the sheriff that
the owner "refused to grant the right of way." It is
held that it was not necessary to state that fact. In
that application it was made to appear that the owner
and company could not agree on the compensation to

be paid; and with the further allegations that the plaintiff owned the land, and the defendant had taken it, it is said in the opinion: "These statements and the demand for relief were all that were required to give the jury jurisdiction to act." It will be noticed that the jury is allowed to take jurisdiction because of the statements in the application. In this case it may further be said that the plaintiff appeared, and made no question because of a failure to agree. The contention before the commission was merely as to the amount of damage to be allowed. Under such circumstances, we have no doubt as to the jurisdiction, as a matter of law. The conclusion is strengthened by the reasoning and conclusion in *Railway Co. v. Rosseau*, 8 Iowa, 373. We think the district court should have held, as a matter of law, that the commissioners had jurisdiction to act.

II. There are several grounds upon which the plaintiff claims that, if the court was in error as to the matter of jurisdiction, it was without prejudice. The grounds are — *First*, that defendant having already one right of way across the land, it was not entitled to another; *second*, that the ground sought to be taken, is of greater width than one hundred feet; *third*, that defendant once before had a commission selected to assess the damage, and it had no right to a second one. The first and third of these grounds were pleaded in the reply, and must have been intended in avoidance of the condemnation proceedings pleaded by defendant. The district court declined to submit either of these matters to the jury, but expressly limited its inquiry to the jurisdictional fact, holding, in effect, that, if the jurisdictional fact existed, the occupancy of the land was legal, and the plaintiff could not recover. If the fact did not exist, the proceedings were void, and the occupancy was without authority. We assume, that the court treated

these matters, in avoidance, as not available in a collateral proceeding, and in this, we think, the court was right. This proceeding is collateral, and if it be conceded, that either on appeal in the condemnation proceedings, or in a direct proceeding to set it aside, these matters would be available (which we do not decide), it is clear, on authority, that they are not in this proceeding, after the jurisdiction of the commissioners appears. The general rule as to collateral attack, is not open to question. There may be doubtful questions as to the application of the rule. See, as to the general rule, *Geyer v. Douglass*, 85 Iowa, 93 (52 N. W. Rep. 111); *Parker v. Albee*, 86 Iowa, 46 (52 N. W. Rep. 533); *Bacon v. Chase*, 83 Iowa, 521 (50 N. W. Rep. 23); *Lindsey v. Delano*, 78 Iowa, 350 (43 N. W. Rep. 218); and *Schee v. La Grange*, 78 Iowa, 101 (42 N. W. Rep. 616). See, as more directly applicable to the particular facts, *State v. Kinney*, 39 Iowa, 226; Freeman, Judgm. (4th Ed.) section 524; *Depot Co. v. Frederick* (Mo. Sup.) 57 Am. & Eng. R. R. Cases, 656 (21 S. W. Rep. 1118, 1130); and *Railway Co. v. Griesser* (Kan. Sup.) (29 Pac. Rep. 1082). In Van Fleet, Coll. Attack, p. 29, the rule is stated as follows: "Jurisdiction existing, *any order or judgment* is conclusive in respect to its own validity in a dispute concerning any right or title derived through it, or anything done by virtue of its authority." We hold, as a matter of law, that the commissioners had jurisdiction. The district court entered the judgment appealed from on the fact found by the jury, showing that they had not jurisdiction. That we hold to be an error. Now, if we permit the error to be avoided because of the facts pleaded in avoidance of the commissioners' proceedings, and sustain the judgment, the effect is to render such facts available indirectly for what they would not be available directly. In other words, the error of the court would give the facts an effect they otherwise would not have. The situation is not like that in *Bank v.*

*Wright,* 84 Iowa, 728 (48 N. W. Rep. 91 and 50 N. W. Rep. 23). There were no conditions on which plaintiff was entitled to judgment in the district court, with the facts of jurisdiction fixed.

This is conclusive of the case. Some questions argued are of no moment, because of the conclusiveness of the fact of jurisdiction with the preceding a collateral one. The judgment is REVERSED.