HOMER SIVER, appellant, v. HAZEL A. SHEBETKA, administratrix of estate of PEARL SIVER, deceased, appellee.

No. 48487.

(Reported in 65 N.W.2d 173)

JUNE 15, 1954.

E. A. Johnson, W. L. Fahey and W. G. Cimprich, all of Cedar Rapids, for appellant.

Edgar L. King, of Cedar Rapids, for appellee.

SMITH, J.—Plaintiff and Pearl Siver were divorced November 10, 1947, and she has since died. Plaintiff alleges the administratrix of her estate (defendant herein) claims the right to collect and is proceeding to collect from him the alimony in arrears when she died. He prays for an injunction. The trial court sustained a motion to dismiss his petition and he appeals contending the unpaid matured installments never constituted a "debt" against him, or a property right in defendant's intestate which survived and passed to her personal representative.

I. The exact question involved here has never been before this court but the nature of alimony has been considered here and elsewhere for various other purposes. It is fair to say plaintiff rests his whole case upon the language in Malone v. Moore, 212 Iowa 58, 236 N.W. 100, and the reasoning and citations therein.

That case involved no question of the survival of alimony installments already due at the wife's death. Certain judgment creditors of the former wife were attempting to reach unpaid matured installments of alimony by garnishment upon execution. We held they could not do so.

The alimony decree in that case (page 59 of 212 Iowa) expressly provided the monthly installments were for plaintiff's support and maintenance so long as she lived and should " 'not be subject to assignment or alienation by her prior to the date of their maturity and payment to plaintiff, and said plaintiff shall have no property rights or interest therein until the same are actually paid to her.' " No language similar to that just quoted was in the alimony decree involved here.

The opinion in the Malone case, in holding garnishment would not lie, points out:

That in Daniels v. Lindley, 44 Iowa 567, we said that alimony is not "in the nature of a debt" and the beneficiary is not a creditor;

That in Picket v. Garrison, 76 Iowa 347, 41 N.W. 38, 14 Am. St. Rep. 220, it was said the claim for alimony is not a debt "within the ordinary sense" but is a "right, contingent to some extent, which becomes vested with the right to a divorce" and could not be defeated by a fraudulent conveyance any more "than it could if it were fixed .and certain as to amount";

That it was held in Parker v. Albee, 86 Iowa 46, 52 N.W. 533, that indebtedness of the wife to her husband could not be offset against her right to alimony; and

That in Shipley v. Shipley, 187 Iowa 1295, 175 N.W. 51, we said the "relief [alimony] sought is not personal in the sense that a judgment on an ordinary indebtedness is personal" and that the obligation of the husband for the support of the wife "is not regarded as a debt, in the sense of a pecuniary obligation [but] arises from a duty which the husband owes as well to the public as to the wife, though not resting on any specific contract."

In Roberts v. Fuller, 210 Iowa 956, 229 N.W. 163, it is said "a judgment for alimony is not a 'debt' within the purview of the constitutional prohibition against imprisonment for debt" and the plaintiff in the instant case also points out, citing Barclay v. Barclay, 184 Ill. 375, 56 N.E. 636, 51 L. R. A. 351, "it is well established that an award for alimony is not dischargeable in bankruptcy."

In each of these cases as well as in Schooley v. Schooley, 184 Iowa 835, 169 N.W. 56, 11 A. L. R. 110 (which was overruled by Malone v. Moore, supra), and, it is believed, in every case heretofore decided by this court, the decision primarily involved protection of the fundamental right of the wife in her lifetime to be supported by her husband, a right which alimony is designed to preserve and continue after the matrimonial ties are cut. The arguments used in such cases are proper to be considered here, but must be analyzed and construed in the light

of the problem then presented—the safeguarding of that fundamental right of the wife.

In the Schooley case the majority opinion allowed the husband (who had remarried and again become the head of a family) his statutory personal earnings exemption from execution on the alimony judgment. That was the point overruled in Malone v. Moore, supra, relied on by plaintiff here.

■ II. Are these various expressions controlling when as here there is involved the question of the survival, after her death, of alimony judgments in the wife's favor? The decisions themselves show that the words "debt", "debtor" and "creditor" do not have a fixed and invariable meaning for all purposes and under all circumstances. Even in the Malone case (212 Iowa at page 61) it is specifically stated the word debt "has a variety of meanings." And the real decision there is that the obligation to pay alimony is not a "property" or "debt" *within the meaning of the garnishment statute* (now section 639.25, Code, 1950) which says "property of the defendant in the possession of another, or debts due the defendant, may be attached by garnishment."

In the earliest case, Daniels v. Lindley, supra, it was carefully stated that alimony is "not in the nature of a debt" and the beneficiary is not a creditor; in Shipley v. Shipley, supra, that the wife's right to support "is not regarded as a debt, in the sense of a pecuniary obligation"; and in Roberts v. Fuller, supra, that it is not a debt within the purview of the constitutional ban on imprisonment for debt.

But on the other hand, while one case says it is not a "debt in the ordinary sense" the same decision holds a judgment for alimony cannot be evaded by a fraudulent conveyance. Picket v. Garrison, supra. And more recently we have held an execution may issue upon a judgment for past-due alimony. Walters v. Walters, 231 Iowa 1267, 1269, 3 N.W.2d 595; Whittier v. Whittier, 237 Iowa 655, 661, 23 N.W.2d 435.

■ Our decisions establish that where a decree has been entered for alimony, payable in installments at stated intervals, each installment becomes a binding final judgment as it falls due and cannot be subsequently modified, even under the statute

allowing modification upon a showing of changed conditions. Walters v. Walters, supra, 231 Iowa at page 1270, and authorities cited.

■ Such judgment does not represent a debt of the husband or a property right of the wife, the purpose of which can be thwarted by garnishment or fraudulent conveyance, bankruptcy proceedings, exemption statutes or constitutional prohibition of imprisonment for debt.

■ But it nevertheless creates a vested right of the wife to receive, and an adjudicated obligation of the husband to pay, a definite sum of money. What was originally fundamental but indefinite and unliquidated is reduced to terms of dollars and cents. Limitations that have been placed on it by judicial definition were designed not to destroy but to prevent destruction of its usefulness.

If it be not satisfied and the wife is compelled to use other resources or her credit to serve the purpose it was designed to serve, we see no reason in logic or justice for holding the judgment does not survive her death and pass to her personal representative.

III. As the question of survival of the obligations of matured alimony installments after the death of the beneficiary is an open one in this state, we should inquire as to the answer given it in other jurisdictions.

The trial court cites Nelson on Divorce, Second Ed., section 16.52: "When a wife entitled to alimony or support money dies, accrued and unpaid installments due her are an asset of her estate, enforceable by her administrator." And in 17 Am. Jur., Divorce and Separation, section 662, it is said "the authorities generally hold that the legal representative of a deceased wife may recover from the husband, or his estate, any arrearages of alimony due at the time of her death."

27 C. J. S., Divorce, section 255a, states: "It has been held that after the death of the wife her personal representatives may collect arrears of alimony decreed by a court * * *." The cases cited in both American Jurisprudence and Corpus Juris Secundum support the above texts. In fact we find no clear-cut decision holding otherwise. All seem to recognize that the judg-

ment for alimony in arrears at the death of the beneficiary pass to her personal representative.

In a recent (1952) Michigan case, Beyerlein v. Ashburn, 334 Mich. 13, 53 N.W.2d 666, it was expressly held that the right to enforce alimony arrears does not abate upon the wife's death. See Greer v. Greer (1942) 110 Colo. 92, 130 P.2d 1050, in which it is held that, while the right to receive alimony and the duty to pay it, being personal, terminate on the death of either party, a wife's legal representative may recover any arrearages existing at the time of her death. See also Van Ness v. Ransom, 215 N. Y. 557, 109 N.E. 593, L. R. A. 1916B 852, Ann. Cas. 1917A 580; Biscayne Trust Co. v. American Security & Trust Co., 57 App. D. C. 251, 20 F.2d 267; Stewart v. White (1937) 15 N. J. Misc. 542, 192 A. 839; Coffman v. Finney, 65 Ohio St. 61, 61 N.E. 155, 55 L. R. A. 794; Heaton v. Davis, 216 Ala. 197, 112 So. 756; Gerrein's Admr. v. Michie, 122 Ky. 250, 91 S.W. 252; Bourman v. Bourman, 155 Kan. 602, 127 P.2d 464.

In Stillman v. Stillman, 99 Ill. 196, 201, 39 Am. Rep. 21, 24, it is said by way of argument: "Of course the decease of the beneficiary operates to suspend all further payment of alimony. It is for the obvious reason it is no longer necessary for her support. The personal representatives were never permitted to recover any portion of the sum decreed, except such sum or installment thereof as had become payable in her lifetime, and which remained unpaid at her death."

■ Of course the duty to support is not a "debt" in the usual meaning of the word. Nor does a decree requiring payment of alimony in installments at stated intervals during her life make it heritable property of the wife. But if at her death there be alimony due and unpaid such arrearage becomes property of her estate and passes to her personal representative. We deem that the sound rule.

It follows that the decision of the trial court must be and is affirmed.—Affirmed.

BLISS, C. J., and OLIVER, WENNERSTRUM, GARFIELD, MULRONEY, HAYS, and LARSON, JJ., concur.

THOMPSON, J., takes no part.