In re the MARRIAGE OF Donald G. BONNETTE and Sally A. Bonnette,

Upon the Petition of Donald G. Bonnette, Petitioner–Appellant,

And Concerning Sally A. Bonnette, Respondent–Appellee.

No. 87–880.

Court of Appeals of Iowa.

Aug. 24, 1988.

Curtis A. Ward of Brooks, Ward & Trout, Marshalltown, for petitioner-appellant.

David L. Riley of Lindeman & Yagla, Waterloo, for respondent-appellee.

HABHAB, Judge.

Petitioner husband appeals from the trial court's order modifying provisions of the parties' dissolution decree.

Petitioner Donald G. Bonnette and respondent Sally A. Bonnette were married seven years. They have two children, Zacharia born August 29, 1979, and Jesse born January 20, 1982.

A dissolution of marriage decree was entered July 19, 1985. Petitioner was ordered to pay $200 monthly alimony for thirty-six months. In addition the petitioner was ordered to pay respondent $12,500 in settlement of property issues, as well as both parties' attorney fees, court costs and respondent's health insurance for a period of twenty-two months. The petitioner and respondent, along with their children were plaintiffs in a civil litigation. The respondent is to receive whatever recovery is awarded her in her own right plus an additional $10,000 regardless of the outcome of the litigation. The petitioner was charged with the responsibility of paying all marital debts.

Petitioner, who lived in Marshalltown, received custody of the children. Respondent, who lived in Des Moines, received visitation on alternating weekends, alternating holidays, and other times specified in the decree. Respondent was not ordered to pay any child support.

Respondent remarried October 11, 1986, and five days later petitioner filed an application to modify removing his duty for further alimony payments. On January 7, 1987, respondent filed a counter-application for modification seeking petitioner to share the cost of transporting the children for visitation.

A trial occurred on June 8, 1987, and the court granted petitioner's application, finding no extraordinary circumstances warranting a continuation of alimony after remarriage, but refused to do so retroactively to the application date. The order incorporated the parties' agreement specifying visitation rights, and granted the respondent the relief she sought under her counter-application by ordering the parties to equally share the burdens of transporting the children to and from visitations.

## I.

▮▮ Petitioner asserts respondent's remarriage and resultant loss of alimony did not constitute a change of circumstances justifying modification of visitation terms. We agree.

The principles of law relating to modification are too well-known to require extensive citations. In this respect in order to have modification, the moving party has the burden of showing by a preponderance of the evidence a material and substantial change in circumstances. *Dworak v. Dworak*, 195 N.W.2d 740, 742 (Iowa 1972). Those circumstances have been identified as follows:

To justify modification of a child support provision some material change must be shown in the circumstances of the parties, financially or otherwise, making it equitable that other or different terms be imposed. Of course, not every change of circumstances is sufficient for modification of child support provisions. A de-

cree will not be modified unless its enforcement will be attended by positive wrong or injustice as a result of the changed conditions. Modification should be based upon a change of circumstances more or less permanent or continuous, not temporary, and where a change of the financial condition of one or both of the parties is relied upon it must be substantial.

*McDonald v. McDonald*, 183 N.W.2d 186, 188 (Iowa 1971).

The change of circumstances relied upon by the district court for imposing on the petitioner the financial and personal obligation to share in the cost of transporting his children to visit respondent was the termination of his obligation to pay and respondent's right to receive alimony. Our de novo review of the record does not support this conclusion.

We do not believe that, under the circumstances here, the termination of alimony payments constitutes a material and substantial change in circumstances. The parties knew at the time the decree was entered that the alimony payments were at most temporary for they were to continue for but thirty-six months. At that time they would automatically terminate and respondent would be without those funds. This was clearly within the contemplation of the court and the parties. Respondent must fail in this contention.

Nor can it be said that the enforcement of the decree is attended by positive wrong or injustice. It cannot go unnoticed that the respondent is under no obligation whatsoever to contribute to the support of her children. In addition, she lives within five miles of where she lived at the time of the entry of the dissolution decree. Thus, any additional transportation expense she may incur is minimal at most.

Neither an injustice nor a positive wrong is created when respondent is called upon to pay the transportation expenses she incurs when visiting her children. On the contrary, for us to require the petitioner to share in this expense may very well create an injustice for in effect this would be an

additional financial burden on the petitioner who already has the sole responsibility of providing support for their children.

The respondent argues that the application she made for the sharing of the cost of transportation when visiting her children should be treated as an "additional determination" of the original dissolution decree and not a request for modification. She relies on *In re Marriage of Teepe*, 271 N.W.2d 740, 742 (Iowa 1978) and *Metallo v. Musengo*, 353 N.W.2d 872, 874–75 (Iowa App.1984).

However, the circumstances here are distinguishable from the two cases cited. In *Metallo* the wife obtained a default divorce decree in Colorado. That Decree was silent as to a child born to the marriage, and made no provisions for custody, support or visitation. Later the husband filed a petition in Iowa requesting visitation rights with the child. The former wife, in resisting the petition, asserted the husband had not shown a substantial change in circumstances so as to justify modification of the Colorado decree. We found that no substantial change in circumstances had to be proven since the first decree was silent as to the child. We said there the proceeding was not a modification of the original decree, but a request for an additional determination.

In the case of *In re Marriage of Teepe*, 271 N.W.2d 740 (Iowa 1978), the child was conceived during wedlock but born after the dissolution of marriage. *Id.* The decree contained no provision for custody; the wife at that time did not know she was pregnant. *Id.* In a subsequent custody proceeding our supreme court held that the question of custody was incident to the original decree and was not a modification action. *Id.* Under the circumstances of that case the custody dispute was within the original dissolution action and no change of circumstances needed to be shown. *Id.*

But here, unlike *Metallo* and *Teepe*, the decree not only determined the custody issue but it resolved the economic dispute of the parties, specifically provided that the respondent was absolved from paying child support, gave her the right to be with her children and specifically fixed the times of visitation. The decree was silent as to transportation expense but when read in its entirety it is clear to us that the obligation therefor rested with the respondent.

Factually, the respondent treated that obligation solely as her own from July 19, 1985 (the date the marriage was dissolved) to January 7, 1987, the date she filed her counter-application asking that the petitioner share the cost of transporting the children for visitation. In addition, we note from the trial court's ruling that the respondent treated her application as one to modify as did the trial court. We conclude her application was one of modification. In this respect, she failed to show a change of circumstances.

But even if we considered the application as one incidental to the original decree, our result would be the same. Equity requires that she pay the transportation expenses involved in visitation. This is particularly true here when we consider that the respondent makes no contribution to the support of her children even though she earns $924 a month (she was unemployed at the time of the decree), her present husband has earnings of $29,000 a year, and the petitioner's earnings have decreased $10,000 a year since the decree.

We modify that part of the decree that requires the petitioner to share in the responsibility of transporting the children to and from visitation with the respondent.

## II.

The petitioner next argues that his duty to pay alimony should have terminated on the date he filed his application. The trial court terminated that obligation prospectively from the date of the filing of its opinion.

The respondent does not argue on appeal that the trial court was in error when it terminated petitioner's obligation to pay alimony. However, respondent contends that the trial court cannot, under existing law, terminate alimony retrospectively. We agree.

The case of *In re Marriage of Harvey*, 393 N.W.2d 312 (Iowa 1986), resolves this problem for us. In that case, our supreme court stated:

> On our de novo review of the record, we find that the economic change attendant to Janice's remarriage was a sufficient change of circumstances to justify the order modifying the decree so as to terminate Harry's obligation to continue the disputed periodic payments. In granting such relief, the court should not have made its order retroactive. Nullification of installment payments maturing prior to the date the decision modifying the decree was filed is precluded under the rule recognized and applied in *Siver v. Shebetka*, 245 Iowa 965, 968–69, 65 N.W. 2d 173, 175 (1954).

*Id.* at 314.

The theory usually employed by the courts in precluding termination of support/alimony payments that have accrued prior to entry of a modification decree is set forth in *Siver v. Shebetka*, 245 Iowa 965, 65 N.W.2d 173 (1954). There it is stated:

> Our decisions establish that where a decree has been entered for alimony, payable in installments at stated intervals, each installment becomes a binding final judgment as it falls due and cannot be subsequently modified, even under the statute allowing the modification upon a showing of changed conditions. *Walters v. Walters*, [231 Iowa 1267, 1270, 3 N.W.2d 595, 596] and authorities cited.

*Siver v. Shebetka*, 245 Iowa at 968–69, 65 N.W.2d at 175.

The *Siver* case relied on *Walters v. Walters*. The *Walters* case provides:

> ... It has frequently been held, in substance, notwithstanding this statute, that a decree for alimony is conclusive until subsequently made to appear by reason of changed conditions that its enforcement would result in injustice. And even where a change is made, the payments that have accrued up to that time cannot thereby be affected. *Delbridge v. Sears*, 179 Iowa 526, 530, 160 N.W. 218; (other citations omitted).

*Walters v. Walters*, 231 Iowa at 1270, 3 N.W.2d at 596.

Turning to *Delbridge v. Sears*, there it is stated:

> ... Our opinion under the authorities is that this statute does not authorize any change or modification of the decree that is retroactive in its operation; that the authority given the court in this statute —and it is the only authority which the court has—does not authorize the court to divest parties of rights accrued under the original decree, but simply authorizes the court, when the conditions have become changed, to make such provisions for the future as well as be expedient, just, and equitable, under the then existing circumstances.... The right to modify must date from the application for modification, must look to the then condition of the parties, and fix and determine, not what their past rights were, nor what their past duties were, but what their rights and duties towards each other, touching alimony, shall be thereafter.

*Delbridge v. Sears*, 179 Iowa at 533, 160 N.W. at 220.

As can be seen, the *Harvey, Silver, Walters*, and *Delbridge* cases involve to some degree the question of whether the alimony (support) payments can be terminated (reduced) retroactively or prior to the entry of the court's modification decree.

In instances of that type, the court held that they could not. However, a different standard is used when the request is made for an increase in support. Under those circumstances, the trial court has the authority to make such increases effective from the date of the filing of the application to modify. As our supreme court in *Willcox v. Bradrick*, 319 N.W.2d 216, 219 (Iowa 1982), stated:

> Section 598.21(8) does not specify the time at which modifications in the amount of child support are to become effective. The defendant argues the district court could not make the increase in child support retroactive to the date of the plaintiff's application for modification, at least "in absence of manifest

injustice." He relies upon this language from *Wren v. Wren,* 256 Iowa 484, 127 N.W.2d 643, 646 (1964):

> Modification of a decree for support payments operates prospectively and not retrospectively. The right to modify does not authorize the court to divest the parties of rights accrued under the original decree. Even where a decree is modified and a change is made payments that have accrued up to that time cannot thereby be affected.

(Citations omitted.) *See Delbridge v. Sears,* 179 Iowa 526, 532–33, 160 N.W. 218, 221 (1916). *Wren,* however, did not establish when payments could be considered to be retroactive, viz., at the time of the filing of the application or at the time of the filing of the modification decree. This question was answered in *Spaulding v. Spaulding,* 204 N.W.2d 634, 636 (Iowa 1973), where the court stated a parent's duty to pay increased child support as a result of a modification proceeding can be "made retroactive to ... the date [of the filing of] the application for modification...." *See also Delbridge,* 179 Iowa at 530, 533–34, 160 N.W. at 221 (a dissolution decree is a finality "until the power of the court [is] invoked to make changes and modifications;" the *right* to modification "must date from the application for modification").

Our analysis of the case law brings us to the conclusion that the trial court acted properly when it terminated the alimony payments prospectively from the date of the filing of its opinion. For the court to do otherwise would constitute the divestment or nullification of final judgments that are due. This result, however, does not apply to modification proceedings where an increase in alimony or child support is the issue. In those instances an increase, in the sound discretion of the trial court, may be made retroactive to the date of the filing of the application for modification. Although an anamoly is created, it may be justified on the theory that when there is an increase, the divestment of an accrued right does not take place.

AFFIRMED AS MODIFIED.