In re Wayne DOBBS, Debtor.

**STATE OF CONNECTICUT, Plaintiff**

v.

**Wayne DOBBS, Defendant.**

Bankruptcy No. 205–5–80–001118.
Adv. No. 205–5–80–0067.

United States Bankruptcy Court,
D. Connecticut.

Dec. 9, 1980.

Joanne S. Faulkner, New Haven, Conn., for debtor.

Carl R. Ajello, Atty. Gen., Hartford, Conn., for plaintiff; Wilbur Ward Dinegar, Asst. Atty. Gen., New Haven, Conn., of counsel.

DECISION ON COMPLAINT OF STATE OF CONNECTICUT TO HAVE DEBT DUE TO IT DETERMINED NONDIS-CHARGEABLE

**674**

HOWARD SCHWARTZBERG, Bankruptcy Judge.*

This is a case of repeated impression seeking a determination whose time has not yet come. If the proposed Technical Amendments to the Bankruptcy Reform Act of 1978 are ever adopted, the result in future cases might be otherwise. Until then this Court must be guided by the provisions of the Bankruptcy Code as they now stand and by the principle of stare decisis.

The State of Connecticut has filed a complaint objecting to the discharge of the debt which accrued in its favor as a result of it furnishing the family of the debtor public assistance since October 4, 1976. The debtor has moved pursuant to Rule 756 of the Rules of Bankruptcy Procedure for an order directing entry of summary judgment in favor of the debtor and against the State on the cause of action and for the relief sought in the State's complaint.

In its complaint the State alleges, (1) it has furnished the debtor's family public assistance under the Aid for Families with Dependent Children Program since October 4, 1976, (2) by order of the Superior Court, arising from a Voluntary Agreement to Support executed by the debtor on September 7, 1977, the debtor became obliged to provide $13.69 per week for the support of his family, (3) the debtor was found to be in arrears in the amount of $1,329.12 from the date of commencement of the support agreement, (4) since that date the debtor's payments have amounted to $54.38, and (5) the obligation of the debtor accrued under the orders of the Superior Court for the support of his children pursuant to Section 17–82e of the Connecticut General Statutes and U.S. Public Law 93–64F (sic) (Social Security Act).

The State asserts, that "the debt is prohibited from being discharged as the State has reserved that right under the Tenth Amendment of the United States Constitution, and the Bankruptcy Court is without jurisdiction to discharge debts [and] [t]he Eleventh Amendment of the United States Constitution prohibits the Bankruptcy Court from discharging the claims of the State of Connecticut against the [debtor] who was not granted permission to initiate the Bankruptcy Action by the State of Connecticut as sovereign."

Although this court is mindful of Chief Judge Kaufman's caveat that summary judgment is a procedural devise which cuts off a party's right to trial and that the court must resolve all ambiguities and draw all reasonable inferences in favor of the party which opposes a summary judgment motion, *Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317, 1319–20 (2d Cir. 1975), this adversary proceeding is one which can be decided on the motion for summary judgment since there clearly exist no genuine issues of material fact which need to be tried. See, *Schwartz v. Assoc. Musicians of Greater N. Y., Local 802*, 340 F.2d 228, 233 (2d Cir. 1964).

Since the debtor filed his petition under Chapter 7 of the Bankruptcy Code the court must look to Code § 523 in order to determine which debts are excepted from discharge. That section states,

"(a) A discharge under section 727 . . . does not discharge an individual debtor from any debt—. . .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, *but not to the extent that—*

(A) *such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or*

(B) such debt includes a liability designated as alimony, maintenance, or sup-

---

* U. S. B. J., Southern District of New York, sitting by designation of the Chief Judge, United States Court of Appeals, Second Circuit.

port, unless such liability is actually in the nature of alimony, maintenance, or support;" [Emphasis added] 11 U.S.C. § 523(a)(5).

The above statutory language expressly makes nondischargeable alimony, maintenance or support owed directly to a spouse or dependent and permits the dischargeability of such obligations if assigned to another entity, either voluntarily or by operation of law. *House Report No. 95–595*, 95th Cong. 1st Sess. (1977) 363; *Senate Report No. 95–989*, 95th Cong. 2nd Sess. (1978) 77–79, U.S.Code Cong. & Admin.News 1978, p. 5787. Therefore, the debt owed to the State of Connecticut for the public assistance it furnished the debtor's family is one which is not owed by the debtor directly to a spouse or dependent, but reflects instead an obligation in favor of the State by operation of law. As such it is expressly excluded from nondischargeability status by Code § 523(a)(5)(A). However, the State has raised the following arguments, (1) "the federal government is barred by the Tenth Amendment of the United States Constitution from enacting laws under the authority of Article 1, Section 8 of the U.S. Constitution which discharge obligations owed to the State of Connecticut in performing its public welfare functions", and (2) "the [debtor's] debt created pursuant to statute of the sovereign State of Connecticut is barred from discharge as being in violation of the Eleventh Amendment."

In *Connecticut v. Mastrianno*, No. B–79–603 (D.Conn. July 14, 1980) Bankruptcy Judge Trevethan states,

"The Eleventh Amendment has no application and does not nullify any Act of Congress which renders claims of the State for public assistance dischargeable in bankruptcy. *Matter of Crisp, State of Conn., Comm'r of Finance & Control v. Crisp*, CA–2d, 1975, 521 F.2d 172, *In re Kiluk, Comm'r of Finance & Control v. Kiluk*, Bky. No. B–74–385, 5/10/75, pp. Trevethan, B.J.

And the Tenth Amendment does not prevent the Act of Congress from making dischargeable the claim of the State to recover public assistance payments . . . By section 17a(1) (sic) of the Bankruptcy Act Congress intended to make debts owed to state and federal governments dischargeable, and any exception for a particular state debt must come from Congress. *Matter of Crisp*, supra."

In the Mastrianno case the State filed a complaint contending that the bankrupt's indebtedness to it was not dischargeable because it was a debt for public assistance furnished by the State to the family of the bankrupt under the Aid to Families with Dependent Children Program and that "the Bankruptcy Court is barred from discharging such a debt by virtue of the provisions of the Tenth and Eleventh Amendments to the United States Constitution." As stated by Judge Trevethan the sole issue before the court "is whether or not an Act of Congress rendering dischargeable in bankruptcy a debt owed by a debtor to a State for public assistance furnished to the debtor's dependents is unconstitutional under the Tenth and Eleventh Amendments to the Constitution."

The single distinction between the *Mastrianno* case and the case at bar is that the dischargeability provision in *Mastrianno* was § 17(a)(7) of the Bankruptcy Act of 1898 while Code § 523 controls the dischargeability of debts for those petitions filed under the Bankruptcy Reform Act of 1978. Section 17(a)(7) stated,

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, . . ., except such as . . . are for alimony due or to become due . . . ."

In light of the fact that § 523(a)(5)(A) does not change the law with respect to the discharge of support provisions due a governmental agency, Judge Trevethan's decision on the merits in the *Mastrianno* case is binding on this court notwithstanding that one case was filed under the Bankruptcy Act of 1898 and the other under the Bankruptcy Reform Act of 1978. As stated by the Court of Appeals in *Chappell & Co. v. Frankel*, 367 F.2d 197, 200–01 (2d Cir. 1966),

"We recognize that though we are privileged in accord with the genius of the

common law to decide cases on a case-by-case basis it 'does not relieve us of the judicial obligation to pay proper need to precedent: the question still is not what we would hold if we now took a fresh look but whether we should take that fresh look, *Mississippi River Fuel Corp. v. United States,* 314 F.2d 953, 958, 161 Ct.Cl. 237 (1963) (concurring opinion of Davis, J.).' *Crown Coat Front Co., Inc. v. United States,* 363 F.2d 407 (2 Cir. June 22, 1966) (Friendly, J. concurring).

The proposed Technical Amendments to the Bankruptcy Reform Act of 1978, as reflected in House Report No. 96–1195, Parts 1 and 2, 96th Cong., 2d Sess. (1980) and the text of § 658, as passed by the House, would delete subsection (A) in Code § 523a(5) which relegates alimony, maintenance or support claims that have been assigned to another entity to dischargeable status.

This amendment however, is of little comfort to the State of Connecticut, whose claim must be determined under the law as it now exists. Thus, the argument advanced by the Attorney General's office must be denied with the admonition—too soon, too soon.

Accordingly, the debtor's motion for summary judgment is granted and the State's Complaint is dismissed.

## APPENDIX

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

In re )
)
EDWARD MASTRIANNO, )
Bankrupt )
STATE OF CONNECTICUT, )  Bankruptcy No.
Plaintiff )  B–79–603
)
v. )
)
EDWARD MASTRIANNO, )
Defendant )

## MEMORANDUM OF DECISION

The plaintiff filed a complaint contending that the defendant's indebtedness to it is not dischargeable because it is a debt for public assistance furnished by the plaintiff to the family of the defendant under the Aid to Families with Dependent Children Program and that "The Bankruptcy Court is barred from discharging such a debt by virtue of the provisions of the Tenth and Eleventh Amendments to the United States Constitution". The parties agreed that there would be no trial and that the matter could be decided upon briefs to be filed. Briefs have been filed.

The single issue before us is whether or not an Act of Congress rendering dischargeable in bankruptcy a debt owed by a debtor to a State for public assistance furnished to the debtor's dependents is unconstitutional under the Tenth and Eleventh Amendments to the Constitution.

The Eleventh Amendment has no application and does not nullify any Act of Congress which renders claims of the State for public assistance dischargeable in bankruptcy. *Matter of Crisp, State of Conn., Comm'r of Finance & Control v. Crisp,* CA–2d, 1975, 521 F.2d 172; *In Re Kiluk, Comm'r of Finance & Control v. Kiluk,* Bky. No. B–74–385, 5/10/75, op. Trevethan, B. J.

And the Tenth Amendment does not prevent the Act of Congress from making dischargeable the claim of the State to recover public assistance payments. Article I, section 8, clause 4 of the Constitution grants Congress power to establish "uniform Laws on the subject of Bankruptcies throughout the United States." By section 17(a)(1) of the Bankruptcy Act Congress intended to make debts owed to state and federal governments dischargeable, and any exception for a particular kind of state debt must come from Congress. *Matter of Crisp, supra.*

It is, accordingly,

ORDERED AND ADJUDGED that judgment shall enter for the defendant that his indebtedness to the plaintiff is dischargeable and is discharged.

Dated at Bridgeport, July 14, 1980.

R. E. Trevethan
Bankruptcy Judge