**STATE of MINNESOTA, ex rel. Rosa Lee DAGGETT, Appellant,**

v.

**Dennis K. BARR, Appellee.**

No. 65876.

Supreme Court of Iowa.

Feb. 17, 1982.

Thomas J. Miller, Atty. Gen., Robert Huibregtse, Asst. Atty. Gen., and David L. Leitner, Asst. Floyd County Atty., for appellant.

Bradford L. Austin of Nyemaster, Goode, McLaughlin, Emery & O'Brien, Des Moines, for appellee.

Considered by UHLENHOPP, P. J., and McCORMICK, ALLBEE, LARSON and SCHULTZ, JJ.

McCORMICK, Justice.

The question here concerns the dischargeability in bankruptcy of a child support obligation assigned to the state. Plaintiff State of Minnesota brought this declaratory judgment action challenging the constitutionality of a now-amended provision of the Bankruptcy Reform Act of 1978 which authorized discharge of defendant Dennis K. Barr's assigned child support obligation. The trial court upheld the constitutionality of the statute. We affirm.

Section 523(a)(5)(A) of the Bankruptcy Reform Act of 1978, effective October 1, 1979, contained the provision involved in this case:

§ 523. Exceptions to Discharge.

(a) A discharge under section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—

.    .    .    .    .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child in connection with a separation agreement, but not to the extent that

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise. . . .

11 U.S.C. § 523(a)(5)(A). An amendment effective August 13, 1981, excepted from debts dischargeable under subsection A "debts assigned pursuant to section 402(a)(26) of the Social Security Act." Omnibus Budget Reconciliation Act of 1981, Pub.L.No. 97–35, § 2334(b), 95 Stat. 863 (1981). Although the debt in the present case was assigned pursuant to section 402(a)(26) of the Social Security Act, the amendment is inapplicable to defendant's 1979 bankruptcy.

Defendant is obligated to pay child support to his former wife Rosa Lee Daggett under a 1969 Iowa dissolution decree. Rosa subsequently moved to Minnesota. In 1977 she began receiving benefits under Minnesota's Aid to Families with Dependent Children (AFDC) program. As required by state and federal law, she assigned her right to child support to the Scott County Human Services Accounting Department. See 42 U.S.C. § 602(a)(26)(A). In 1979 defendant petitioned for and received a discharge in bankruptcy. His obligation to pay the assigned child support to the Minnesota welfare agency was among the debts purportedly discharged. The State of Minnesota brought the present action seeking a declaratory judgment that the debt was not discharged.

Plaintiff contends 11 U.S.C. section 523(a)(5)(A), as applied here, violates U.S. Const. amends. X, XI, and XIV. Plaintiff alternatively contends the statute should be construed to affect only the assigned child support obligation which had accrued on the date the bankruptcy petition was filed.

■ I. *The tenth amendment issue.* Under the tenth amendment, the states reserve powers not delegated to the United States. In contending this provision is violated by section 523(a)(5)(A), plaintiff relies on *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976). The Supreme Court held in *Usery* that the tenth amendment barred Congress from extending federal minimum wage and maximum hour requirements to state and municipal employees.

Federal courts have distinguished *Usery* in rejecting tenth amendment attacks on section 523(a)(5)(A). *See In re Glidden*, 653 F.2d 85 (2d Cir. 1981); *In re Morris*, 10 B.R. 448 (Bkrtcy.N.D.Iowa 1981). They have done so on three principal grounds.

First, *Usery* was decided under the commerce clause. The Court said: "We express no view as to whether different results might obtain if Congress seeks to affect integral operations of the state governments by exercising authority granted it under other sections of the Constitution...." 426 U.S. at 852, n. 17, 96 S.Ct. at 2474, 49 L.Ed.2d at 258. Congress has specific power to enact uniform laws on the subject of bankruptcy under U.S.Const. Art. 1, section 8, cl. 4. Applying the balancing approach of *Usery*, "the federal interests of uniform and effective discharge provisions enacted by Congress pursuant to its bankruptcy powers [are] demonstrably greater than [a state's] interests in collecting support obligations from discharged debtors." *Morris*, 10 B.R. at 453.

Second, section 523(a)(5)(A) does not burden a traditional state function. States are free to pursue traditional programs to promote the welfare of children. The discharge provision merely affects the state's right to recoup AFDC system costs under a federal statute making assignment of child support payments a precondition to federal funding of the state AFDC program:

> It thus can hardly be said that the discharge provision compromises an otherwise unhindered freedom on [a state's] part to structure a "traditional" or "integral" state governmental function. The State's latitude in designing and operating an AFDC program has been circumscribed from the outset by the restrictions set forth in Title IV–A.... The AFDC system as a whole has long been recognized as being "based on a scheme of cooperative federalism" ... a scheme that by its very nature anticipates a sharing of responsibility and authority between the cooperating governments.

*Glidden*, 653 F.2d at 88. The state function involved here is far removed from the fundamental kind of local decision affected in *Usery*.

Third, even if *Usery* were applicable to an exercise of the bankruptcy power, and even if a traditional state function were affected, no evidence exists that the discharge provision would substantially or materially impede the state function. *See Morris*, 10 B.R. at 454.

In accordance with the reasoning of the federal cases, we find no tenth amendment violation.

■ II. *The eleventh amendment issue.* Plaintiff contends that U.S.Const. amend. XI is violated because the statute has the effect of permitting a person to infringe the sovereignty of a state. The eleventh amendment provides in part that the "judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or executed against one of the United States by Citizens of another State ..." The amendment has been construed also to preclude suits against a state by its own citizens. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

Courts have uniformly rejected the applicability of the eleventh amendment to discharge of debts owed to the state. The amendment applies only to actions in which recovery of money from the state is sought. Moreover, the bankruptcy clause of the Constitution has been held to authorize discharge of debts owed to state and local governments. *See Matter of Crisp*, 521 F.2d 172, 178 (2d Cir. 1975).

We conclude that section 523(a)(5)(A) does not violate the eleventh amendment. *See Glidden*, 653 F.2d at 89; *Morris*, 10 B.R. at 456; *In re Dobbs*, 7 B.R. 673, 675 (Bkrtcy. D.Conn.1980).

■ III. *The fourteenth amendment issue.* Plaintiff also makes equal protection and due process arguments against the statute. The equal protection argument is premised on an allegation that the statute relieves the parents of poor children of an assigned support obligation through discrimination based on wealth. The argument fails on at least two grounds. First, contrary to plaintiff's assertion, a classification based on wealth does not trigger strict scrutiny for equal protection purposes. *See San Antonio Independent School District v. Rodriquez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). Second, the children's

right to support is unaffected by discharge of the obligation. As long as the obligation is assigned, the children receive AFDC benefits. If the assignment terminates, the parental support obligation remains. The children suffer no detriment when the assigned obligation is discharged.

Plaintiff's due process argument is also based on the mistaken assumption that the statute denies children the right to parental support. Because the assumption is wrong, this argument also fails.

We find no fourteenth amendment violation.

■ IV. *The statutory construction issue.* As an alternative to its constitutional attack, plaintiff alleges that even if section 523(a)(5)(A) is constitutional it should not be construed as discharging assigned support which accrues subsequent to the filing of the bankruptcy petition.

This allegation is inconsistent with the overriding rule that exceptions to discharge are narrowly construed. *See Morris*, 10 B.R. at 450. It is also inconsistent with the definitions provided in the statute. "Debt" means "liability on a claim." 11 U.S.C. § 101(11). "Claim" includes a "right to payment, whether or not such right is ... liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed [or] undisputed ...." 11 U.S.C. § 101(4). As a result, "[t]he liability of the debtor for the state's claim to post-bankruptcy child support payments gives rise to a 'debt' which is dischargeable in bankruptcy." *In re Thomas*, 12 B.R. 432, 434 (Bkrtcy. S.D.Iowa 1981).

We find no merit in plaintiff's construction argument.

AFFIRMED.