James H. **Weathersbee**,
Plaintiff/Appellant,

v.

Yasuko Tamaki **Weathersbee**,
Defendant/Appellee.
Appeal No. 97-048
Civil Action No. 95-0793
November 17, 1998

Argued and Submitted October 1, 1998.

Counsel for Appellant: Theodore R. Mitchell and Jeanne H. Rayphand, Saipan

Counsel for Appellee: S. Joshua Berger, Saipan

BEFORE: CASTRO, Associate Justice, DEMAPAN, Associate Justice, and ATALIG, Justice Pro Tem.

CASTRO, Associate Justice:

¶1    ■ James H. Weathersbee ("husband") appeals the trial court's October 28, 1997, order denying his motion to retroactively modify spousal support. We have jurisdiction pursuant to Article IV, § 3 of the Constitution of the Northern Mariana Islands[1] and 1 CMC §3102(a). We affirm.

## ISSUE PRESENTED AND STANDARD OF REVIEW

¶2    ■ The sole issue is whether the trial court erred in ruling that 8 CMC § 1311 only permits prospective modification of spousal support. We review questions of law de novo. *Agulto v. Northern Marianas Inv. Group, Ltd.*, 4 N.M.I. 7, 9 (1993).

## FACTS AND PROCEDURAL BACKGROUND

¶3    Husband and Yasuko Tamaki Weathersbee ("wife") were married on March 25, 1975, in Los Angeles, California. They had two children during their marriage. On August 25, 1995, husband filed for divorce. On November 16, 1995, the parties entered into a marital settlement agreement, whereby husband agreed to pay spousal support to wife in the amount of $1,500 per month, for ten years commencing on December 1, 1995, and ending on November 1, 2005. On December 1, 1995, the trial court issued a decree granting husband's petition for divorce, incorporating the terms of the November 15, 1995, marital settlement agreement.

¶4    On June 10, 1997, wife filed a motion for order to show cause, alleging that husband had failed to pay spousal support since December 1, 1995.[2] On July 28, 1997, husband filed a notice and motion for order modifying spousal support. After a hearing on July 29, 1997, the trial court ordered husband to file a memorandum of law in support of his request for retroactive modification of spousal support, and wife to file a response. On October 28, 1997, the trial court entered its order denying husband's motion for retroactive modification of spousal support. Husband timely appealed.

## ANALYSIS

---

[1] N.M.I. Const. art. IV, § 3 (1997).

[2] At the October 21, 1997, hearing, the parties orally stipulated that husband had paid $8,638.68 to wife, leaving a balance of $21,361.32 as of July 31, 1997. *Weathersbee v. Weathersbee*, Civil Action No. 95-0793 (N.M.I. Super. Ct. October 28, 1997) (Order at 2, n.1) ("Order"). However, it was revealed at oral argument that the $8,638.68 paid to wife was for expenses related to their children, and not for spousal support. Thus, the outstanding balance as of July 31, 1997 is $30,000.

**183**

## I. Did the trial court err in ruling that 8 CMC § 1311 only permits prospective modification of spousal support?

¶5 Under the Commonwealth divorce code, the trial court has the authority to modify the terms of a final divorce decree. Title 8, § 1311 of the Commonwealth Code provides:

> In granting or denying an annulment or a divorce, the court may make such orders for custody of minor children for their support, for support of either party, and for the disposition of either or both parties' interest in any property in which both have interests, as it deems justice and the best interests of all concerned may require. While an action for annulment or divorce is pending, the court may make temporary orders covering any of these matters pending final decree. *Any decree as to custody or support of minor children or of the parties is subject to revision by the court at any time upon motion of either party and such notice, if any, as the court deems justice requires.*

8 CMC § 1311 (emphasis added). While section 1311 clearly permits the court to revise a decree concerning spousal support, the statute is silent as to whether such decree may be modified retroactively, prospectively, or both.

¶6 ■ A review of cases from other jurisdictions which have considered the issue of retroactive modification of spousal support reveals there is a conflict of authority. Some states have resolved this issue by enacting statutes which either expressly restrict modification to future installments or expressly authorize modification of accrued installments. *Sanchione v. Sanchione*, 378 A.2d 522, 526 (Conn. 1977). However, where the statute is silent, as in this case, the majority of jurisdictions do not permit modification of accrued installments. *Id.* (citing Clark, THE LAW OF DOMESTIC RELATIONS, § 14.9, 454). We agree with the majority view that, absent an express provision to the contrary, and absent express legislative authorization, retroactive modification of a spousal support decree should not be permitted.

¶7 In reaching its decision, the trial court cited compelling reasons for construing section 1311 as permitting only prospective modification of a support decree, absent express legislative authorization. The court found that "the reason [wife] agreed to the Marital Settlement Agreement was so that she could be assured of some income until she reached the age of retirement." Order at 3. Prohibiting retroactive modification, therefore, would prevent hardship to wife by protecting her expectations and enabling her to rely on husband's continuing support obligation. In addition, we note that retroactive modification of a support decree which incorporates a settlement agreement would undermine the parties' original intent and further invite fraud and bad faith dealing. In other words, it would be contrary to public policy to allow one party, after enjoying the benefits of an agreement, breach with impunity the promise to perform under that agreement.

¶8 The trial court also expressed its concern that a modifiable spousal support decree would not be entitled to full faith and credit in another state's court, lending support to the position that arrearages should be treated as a final judgment. *Id.* (citing *Sanchione*, 378 A.2d at 522). At oral argument, this Court learned that husband was absent from the Commonwealth at the time of arguments, and that he might be in Georgia. Therefore, treating spousal support arrearages as a final judgment would ensure that wife would be able to enforce the spousal support decree outside of the Commonwealth. *See Sanchione*, 378 A.2d at 522 ("If the accrued installments are not modifiable, full faith and credit must be given to them. Enforcement in a foreign state is thus faster and simpler . . . . If accrued installments are modifiable, full faith and credit need not be given.") (quoting Clark, LAW OF DOMESTIC RELATIONS, §14.9, 454 n.15).

¶9 Moreover, prohibiting retroactive modification of a spousal support decree comports with the majority view that accrued but unpaid installments of support "become vested in the party to whom the decree awards it, as it accrues, and payment may be enforced by the court." *Delbridge v. Sears*, 160 N.W. 218, 220 (Iowa 1916); *see also Kephart v. Kephart*, 193 F.2d 677, 684 (D.C. Cir. 1951), *cert. denied*, 72 S. Ct. 557 (1952), ("When a decree awards alimony payable in future installments, the right to each installment becomes absolute and vested when it becomes due, provided no modification of the decree had been made prior to its maturity."); *Matter of Marriage of Glass*, 835 P.2d 1054, 1059 (Wash. Ct. App. 1992) ("Payments which have accrued before modification become a vested judgment.").

¶10 In analyzing a statute similar to 8 CMC § 1311, the Court of Appeals of Iowa offered the following reasoning in rejecting retroactive modification of a spousal support decree:

> Our opinion under the authorities is that this statute does not authorize any change or modification of the decree that is retroactive in its operation; that the authority given the court in this statute – and it is the only authority which the court has – does not authorize the court to divest parties of rights accrued under the original decree, but simply authorizes the court, when the conditions have become changed, to make such

provisions for the future as well as be expedient, just, and equitable, under the then existing circumstances.... The right to modify must date from the application for modification, must look to the then condition of the parties, and fix and determine, not what their past rights were, nor what their past duties were, but what their rights and duties towards each other, touching alimony, shall be thereafter.

*In re Marriage of Bonnette*, 431 N.W.2d 1, 4 (Iowa Ct. App. 1988) (quoting *Delbridge v. Sears*, 160 N.W. 218, 220 (Iowa 1916)).[3]

¶11    We agree with the reasoning of the *Bonnette* court in concluding that section 1311 does not authorize the court to divest wife of accrued installments of spousal support.

## II. Attorney's Fees

¶12    ▊ Pursuant to Rule 28(m) of the Commonwealth Rules of Appellate Procedure, wife seeks attorney's fees for this appeal. Wife relies on the authority of section VI.A. of the Marital Settlement Agreement, which states: "If any party to this Agreement institutes legal proceedings to resolve a dispute arising out of this Agreement, then the prevailing party shall be entitled to recover the cost of suit including reasonable attorney's fees."[4] Because this appeal is a continuation of the dispute arising from the Marital Settlement Agreement, and wife is clearly the prevailing party, we agree that wife is entitled to attorney's fees.

## CONCLUSION

¶13    For the foregoing reasons, we hereby **AFFIRM** the October 28, 1997, order of the trial court denying husband's motion for retroactive modification of spousal support. Wife's request for attorney's fees for this appeal is hereby **GRANTED.** Within 30 days of this opinion, wife shall submit a statement of attorney's fees and husband shall file an objection, if any, within 14 days after service of the statement.

---

[3] The Iowa statute considered by the *Delbridge v. Sears* court stated: "When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right. Subsequent changes may be made by it in these respects. when circumstances render them expedient." 160 N.W. at 219-20.

[4] Excerpts of Record 9-10.